IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ADRIAN RIVAS AVALOS,  :
    Petitioner,  :
                                         :
       v.                       :        1:13CV778
                                         :        1:11CR340-1
UNITED STATES OF AMERICA,  :
    Respondent  :

## GOVERNMENT'S MOTION TO DISMISS AND RESPONSE TO MOTION TO VACATE, TO SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, to file the Government's Motion to Dismiss and Response to Motion to Vacate, To Set Aside, or Correct Sentence.

Avalos is barred, the Government contends, by the one year statute of limitations in 28 U.S.C. § 2255. On July 31, 2012, judgment was entered in the District Court. Avalos did not appeal, which means that his conviction became final one year and fourteen days later, on August 14, 2012. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Avalos then had one year to file a § 2255 motion, which was until August 14, 2013.

Here, Avalos said that he gave his motion to prison authorities for mailing on "26/07/13," which may mean July 26, 2013. Defendant's Motion, Document # 19, p. 13. The motion was received and filed in the Clerk's Office on September 13, 2013. Usually the date the

defendant places on his papers is controlling as there is no proof to the contrary. Here, however, the facility where Avalos is jailed has provided proof that Avalos mailed the motion on September 10, 2013.

Ms. Stacy A. Treat, Records Manager, at McRae Correctional Facility, has filed an affidavit regarding the legal mailings of Avalos. Attachment #1. Ms. Treat indicates that all legal correspondence is recorded at McRae. As is relevant here, Avalos mailed legal items to the Clerk of the U.S. District Court on September 10, 2013. Since this date is after the expiration date of August 14, 2013, the Government contends that Avalos is barred by the statute of limitations.

On the merits, also, the Government contends that Avalos is not entitled to relief. Avalos apparently has filed a form motion which takes a shotgun approach alleging failure to file a suppression motion, failure to object to drug quantities at sentencing, and failure to give notice of appeal. In fact, Avalos alleges that his attorney both failed to appeal and that the attorney was negligent by filing an *Anders* appeal.

Regarding a motion to suppress, by examining the facts as set out in the Presentence Report, there were no grounds for such a motion. Avalos agreed to sell five kilograms of cocaine hydrochloride to a confidential informant at Avalos' residence. When law

2

enforcement arrested Avalos at the residence, officers found the nearly five kilograms in a vehicle beside Avalos. The informant saw Avalos put the five kilograms of cocaine in the vehicle, a Nissan Titan truck. Presentence Report, page 4.

Officers then obtained written permission from Analni Alejandra Montero Ayon, a woman who lived with Avalos and who had driven the Titan, to search both the Titan and the residence. Inside the residence, officers found $5,000 in cash in the kitchen and a firearm with ammunition in the bedroom closet. *Id.* There was no basis to file a motion to suppress this search, as it was a valid consent search. Similarly, the only additional drug quantity came from converting the $5,000 in cash into cocaine. Attorney Helen Parsonage has filed an affidavit in which she affirms that there was no basis for any motion to suppress or at sentencing.

The record shows that Attorney Parsonage did file an objection to the addition of two levels for possession of a firearm in connection with a drug offense. This objection was withdrawn at sentencing, as Attorney Parsonage indicated both that there was no basis to prevail and that the Government had agreed to file a 5K motion asking for a 20% reduction in the sentence due to substantial assistance. Affidavit of Attorney Helen Parsonage, Attachment #2. *See United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010)(So

3

long as firearm is readily available during illegal activity, firearm enhancement is proper).

As to Avalos' statements regarding an appeal, he complains both that Parsonage filed an *Anders* brief, and that Parsonage never appealed. Attorney Parsonage states in her affidavit that she always consults with her clients, every time, about the right to appeal, and she has no recollection or record of Avalos expressing a desire to appeal.

Furthermore, the Honorable Catherine C. Eagles, United States District Judge, imposed a lenient sentence which left nothing for Avalos to appeal. The advisory guideline range was 87 to 108 months. Sentencing Transcript p. 4. The Government made a motion for a reduction in sentence of 20% due to substantial assistance. Judge Eagles started at the 90 month level, deducted 20%, and imposed a sentence of 72 months. *Id.*, at 8. In light of the fact that Avalos would have had no issue to appeal, the Government respectfully contends that Avalos never told his attorney to give notice of appeal. Indeed, the fact that Avalos alleges both that his attorney did not appeal and that his attorney negligently filed an *Anders* brief shows Avalos's contention is without merit.

4

CONCLUSION

The Government respectfully requests that the Court deny and dismiss the motion.

This the 20th day of June 2014.

        Respectfully submitted,

        RIPLEY RAND
        UNITED STATES ATTORNEY


        /S/ MICHAEL F. JOSEPH
        Assistant United States Attorney
        NCSB #6698
        United States Attorney's Office
        Middle District of North Carolina
        101 South Edgeworth Street, 4th Floor
        Greensboro, NC  27401
        Phone:  336.333.5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ADRIAN RIVAS AVALOS,       :
       Petitioner,         :
                           :
       v.                  :       1:13CV778
                           :       1:11CR340-1
UNITED STATES OF AMERICA,  :
       Respondent          :

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which served counsel as follows:

Mr. Adrian Rivas Avalos
Register # 28107-057
McRae Correctional Facility
P.O. Drawer 30
McRae, GA 31055-0030

>                            Respectfully submitted,
>
>                            RIPLEY RAND
>                            UNITED STATES ATTORNEY
>
>
>                            /S/ MICHAEL F. JOSEPH
>                            Assistant United States Attorney
>                            NCSB #6698
>                            United States Attorney's Office
>                            Middle District of North Carolina
>                            101 South Edgeworth Street, 4th Floor
>                            Greensboro, NC  27401
>                            Phone:  336.333.5351

6